DOC # 109 

# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Guy Petrillo
Direct Dial: (212) 370-0331
Cell: (646) 385-1479
gpetrillo@pkbllp.com



MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 11
DATE FILED: 5/5/14

April 30, 2014

BY HAND

Hon. James C. Francis IV
U.S. Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

M9-150

Re: *In the Matter of a Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corporation*, 13 Mag. 2814

Dear Judge Francis:

In relation to the above referenced matter and on behalf of our client Microsoft Corporation ("Microsoft" or the "Company"), we respectfully submit this letter motion for a stay pending appeal with respect to the Court's Order ("Order") denying Microsoft's Motion ("Motion") To Vacate In Part An SCA Warrant Seeking Customer Information Located Outside the United States.

As discussed below, the standards for the issuance of a stay pending appeal are readily satisfied in this case given that the Court's ruling (i) addresses as a matter of first impression an interpretation of the warrant authority under the SCA as to which Microsoft will raise serious issues going to the merits of the appeal; (ii) could prejudice Microsoft because the Warrant calls for the seizure of email data stored in a foreign nation that has its own applicable data privacy laws; (iii) could further prejudice Microsoft because absent a stay, Microsoft's appeal might be deemed moot; (iv) appears not to involve an urgent criminal investigation; and (iv) implicates compliance by the United States with the MLAT regime.

A. Applicable Standards

The decision to enter a stay pending an interlocutory appeal falls within the discretion of the district court. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In this Circuit, "'[f]our criteria are relevant in considering whether to issue a stay of an order of a district court or an administrative agency pending appeal: the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public

interest.'" *United States v. Stein*, 452 F. Supp. 2d 281, 282-83 (S.D.N.Y. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002)); *see also Natural Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012); *Hizam v. Clinton*, 11 CIV. 7693 (JCF), 2012 WL 4220498, at *3 (S.D.N.Y. Sept. 20, 2012) (citing, *inter alia*, *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994)).

"[This] test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640-41 (S.D.N.Y. 2012) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-38 (2d Cir. 2010)). Specifically,

> if movant shows 'serious questions' going to the merits of its appeal as well as irreparable harm, the stay may be granted if the balance of hardships 'tips decidedly' in favor of the moving party.

*Id.* at 640 (citing *Citigroup Global Mkts.*, 598 F.3d at 34-38). Furthermore, in balancing the equities, "it is helpful to consider whether the harm to the applicant if a stay were denied and the order appealed from reversed would outweigh the harm to the opponent if a stay were granted and the order appealed from upheld." *Stein*, 452 F. Supp. 2d at 283 (citing *Mohammed*, 309 F.3d at 101 & n.10).

While the party seeking a stay "bears the burden of proving that a stay should be granted, and stays pending an appeal are only granted in limited circumstances[,]" *Liberty Synergistics, Inc. v. Microflo Ltd.*, No. 11-CV-523 (MKB), 2013 WL 101427, *1 (E.D.N.Y. Jan. 8, 2013) (citation and internal quotation marks omitted), all four factors are interrelated, meaning that "more of one excuses less of the other," *United States v. N.Y.C. Bd of Educ.*, 620 F. Supp. 2d 413, 416 (E.D.N.Y. 2009). Thus, for example, the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." *Mohammed*, 309 F.3d at 101 (alteration, citation, and internal quotation marks omitted).

B. Discussion

We respectfully submit that a stay of the Order pending appeal is amply justified in the circumstances of this case.

1. A Stay is Warranted Because Microsoft Raises Serious Questions Going to the Merits of the Appeal

As a matter of first impression, the Order directly addresses whether the warrant authorized under Section 2703(a) of the SCA permits the search and seizure of content email data stored outside the United States. The question addressed is an exceptionally important one, given the potential for data storage all over the globe and the existence of both U.S. and non-U.S. legal regimes affecting the rights of millions of email service customers. Indeed, as the Court notes in the opening quote of the Order, it issued its opinion in a contextual setting in which the

combination of the nature of the electronic medium and its disregard for geographical boundaries throws the law into "disarray." (Order at 1 (citation omitted).) In such a matter of first impression, a stay pending appeal is appropriate. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (that case was one of first impression added weight to the "serious questions" factor); *see also Pearce v. E.F. Hutton Grp., Inc.*, 828 F.2d 826, 829 (D.C. Cir. 1987) (noting that district court granted stay so appeals court could decide the issue when it was one of "first impression" and defendant would suffer "substantial harm" if a stay was not imposed and the district court was later reversed); *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 474 (E.D. Va. 2011); *Miller v. Brown*, 465 F. Supp. 2d 584, 596 (E.D. Va. 2006).

In addition, Microsoft's appeal will raise a number of issues that we respectfully submit constitute serious questions going to the merits of the appeal, including but not limited to:

(i) Whether the Court's first impression interpretation of Section 2703(a), including that the warrant provided for by this section is a hybrid instrument with subpoena-like qualities, is error, in view of the plain meaning of the statute, the canons of statutory construction, and the well-settled understanding of the term warrant in criminal procedure, and, relatedly, whether a warrant is a constitutionally significant court order that, as exemplified by the Warrant here, authorizes affirmative law-enforcement activity, whereas a subpoena to a third party is merely an order that authorizes no unilateral government action;

(ii) Whether the Court erred in ruling that email content data are located for purposes of the SCA in the place where the data are first viewed, as opposed to where they are stored;

(iii) Whether the Court misattributed to Congress an intention through the enactment of the SCA to permit the search and seizure of data stored outside the United States, given the settled rule of statutory construction that disfavors interpretations of congressional intent that contradict or undermine the United States' international commitments; and relatedly, whether law enforcement efficiency can serve as a basis to find congressional intent inconsistent with such obligations; and

(iv) Whether the Court's interpretation of the 2001 Amendments to the SCA and their implications is error.

2. A Balancing of the Equities Favors the Requested Stay

A balancing of the equities and the public interest here also favors the order of a stay pending appeal.

First, Microsoft would, in complying with the Warrant pursuant to the Order, encounter the likelihood that its appeal would be deemed moot. In such event, the Company – which would experience injury in this case by virtue of being compelled to act by an investigative tool that it argues is in part unauthorized by law – would effectively and irreparably lose its ability to challenge the Court's ruling. Thus, this case falls outside of the class of cases in which the injury claimed by movant can be remedied through the process of appeal. *Providence Journal Co. v.*

*Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) ("Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored."); *see In re Agent Orange Prod. Liab. Litig.*, 804 F.2d 19, 20 (2d Cir. 1986) (per curiam) (stay of distribution of award challenged on appeal to avoid irreparable harm).

Second, the equities further favor Microsoft because the Order would require Microsoft to gather data from its data center in Ireland, which has its own data privacy protection regime.[1] Before the Warrant is deemed to control the resolution of any differences in the data privacy statutes of the United States and another nation, we respectfully submit that the interpretation of the SCA announced in the Order should be tested on appeal.

Third, with respect to potential prejudice to the government, Microsoft earlier agreed to preserve the evidence sought by the Warrant during the pendency of proceedings, including appeal. Also of relevance is that the government has not sought expedited proceedings before Your Honor and sought and received an extension of the briefing schedule, facts that strongly suggest that the matter to which the Warrant relates is not in furtherance of an urgent investigative matter.

Concerning the public interest, there are strong reasons to stay enforcement of the Order pending appeal. In particular, national policy in the context of the comity of nations is at stake. The Order's interpretation of the SCA's warrant provision would permit the United States to ignore the MLAT process when it seeks through a warrant issued under the SCA to seize data stored in a facility in a foreign nation, and would do so arguably without a legislative determination that the United States should live by such a rule. It is manifestly in the public interest for an appellate court to determine whether the SCA incorporates a congressional determination to ensconce such a national policy in the law.

C. Conclusion

For all of the above-stated reasons, Microsoft respectfully seeks a stay of the Order pending appeal.

*Application granted.*
*So Ordered.*
*James C. Francis IV*
*5/5/14*

Respectfully submitted,

Guy Petrillo

---

[1] Data secrecy in Ireland is governed by The Data Protection Act of 1988 (as amended), which contains its own standards concerning nondisclosure obligations of "data processors." *See* § 21(1).

4

cc: AUSA Lorin Reisner
AUSA Justin Anderson
AUSA Serrin Turner
(by email)

Nancy Kestenbaum, Esq
James Garland, Esq.
Alexander Berengaut, Esq.
(by email)