

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

DOC # 114

May 2, 2014



### BY ELECTRONIC MAIL AND HAND DELIVERY

Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: **In re Search Warrant**,
No. 13 Mag. 2814, M9-150

Dear Judge Francis:

    The Government respectfully submits this letter in response to the April 30, 2014 letter submitted by Microsoft Corporation ("Microsoft"), requesting a stay pending appeal of Your Honor's order denying Microsoft's motion to vacate. Although the Government does not oppose the entry of a stay, on the condition that Microsoft seeks its appeal promptly and without delay, the Government writes to correct a number of inaccuracies in the Microsoft April 30 letter.

    First, Microsoft's compliance with the Stored Communications Act ("SCA") warrant at issue would not involve "seizure of email data stored in a foreign nation." (Microsoft Ltr. at 1). As explained in Your Honor's ruling, there is no such extraterritorial seizure and "the SCA does not implicate principles of extraterritoriality." (Slip op. at 12). It is uncontested that a Microsoft employee located in the United States can access, review, and produce the responsive materials. As the Government demonstrated and as the Court held, an SCA warrant functions similarly to a subpoena: it is served upon a provider inside the United States and requires the provider to produce the records at issue to the Government. It "does not involve government agents entering the premises of the [provider] to search its servers and seize the e-mail account in question" – and does not authorize projection of Government force abroad. (*Id.*) It has been the law for many decades that a company in the United States, served with a demand for the disclosure of documents in connection with a federal criminal investigation, is required to produce any responsive records in its possession, custody, or control – regardless of the location of that information. *See Marc Rich & Co., A.G. v. United States*, 707 F.2d 663, 667 (2d Cir. 1983); *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 564 (S.D.N.Y. 2002). Microsoft will not be prejudiced by producing records stored abroad in response to an SCA warrant any more than it would be prejudiced by doing so in response to a subpoena.

Second, this case does not implicate "compliance by the United States with the MLAT regime." (Microsoft Ltr. at 1). The Government is not required to issue an MLAT to serve compulsory process on a domestic corporation. Microsoft's position apparently is that any time a U.S. service provider stores documents abroad – even unknowingly, for example, by using a cloud storage service with servers in multiple countries (or possibly in no country) – the Government would be required to use an MLAT (or multiple MLATs) to obtain the documents, rather than by proceeding with compulsory process in accordance with Section 2703. That position does not square either with the law or with common sense.

Third, the Government does not believe that Microsoft stands to suffer any harm in the absence of a stay, or that any policy interests favor the entry of a stay. Nonetheless, the Government recognizes the importance of obtaining a definitive resolution of the questions raised by Microsoft's motion in the absence of a mootness issue, in order to avoid successive challenges to future SCA warrants and the potential disruption to the criminal justice process. Accordingly, the Government is prepared to consent to a stay, on the condition that Microsoft seeks its appeal promptly and without any delay, so that this matter may proceed through the appropriate appeals process expeditiously.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
LORIN L. REISNER
JUSTIN ANDERSON
SERRIN TURNER
Assistant United States Attorneys
(212) 637-1035

cc: Counsel of record (by email)