

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of a Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corporation

Action Nos. 13-MAG-2814, M9-150

## DECLARATION OF MICHAEL MCDOWELL

I, MICHAEL MCDOWELL, declare as follows:

1. I am a Senior Counsel at the Bar of Ireland, having been called to the Bar in 1974 and to the Inner Bar in 1987. I was Attorney General of Ireland from 1999 to 2002, Minister of Justice, Equality and Law Reform from 2002 to 2007, and Deputy Prime Minister from 2006 to 2007. I left government service in 2007, and I am now in practice as a Senior Counsel in the Irish High and Supreme Courts. I have been engaged by Microsoft as an independent expert to opine on the issues raised in this case.

2. As Attorney General of Ireland, I was legal advisor to the Irish Government during the negotiation and implementation of the Mutual Legal Assistance Treaty Between the United States and Ireland, signed January 18, 2001 (the "U.S.-Ireland MLAT"). In 2003, the European Union and the United States entered a separate agreement on mutual assistance, which was subsequently applied in relation the U.S.-Ireland MLAT. The MLA treaties between Ireland and the United States were intended by the treaty signatories to serve as the means for law enforcement authorities in the respective countries to obtain evidence located in the other treaty party.

3. In 2008, Ireland enacted the Criminal Justice (Mutual Assistance) Act, 2008, to provide for procedures for responding effectively to requests made under these

international agreements (the "2008 Act"). Pursuant to these procedures, qualified U.S. authorities are able to seek the assistance of the Irish state in obtaining evidence located in Ireland that may be relevant to criminal investigations or proceedings in the United States.

4. Requests for assistance are evaluated by Ireland's Central Authority for Mutual Assistance (the "Central Authority"), which is part of the Department of Justice and Equality. Provided that the assistance requested by the United States would comply with the standards established in the 2008 Act — *e.g.*, compliance would not prejudice Irish security or sovereignty — the Central Authority will execute the request. Refusal by Ireland to execute a proper request duly made for assistance from U.S. authorities is very uncommon.

5. To fulfill a request for assistance, the Central Authority forwards the request to An Garda Síochána — Ireland's national police service. Where the information sought is email content, An Garda Síochána apply on an ex parte basis for a search warrant or order from an Irish district court judge.

6. If the application submitted to the court satisfies the legal standards set out in the 2008 Act, the judge then forthwith issues a warrant authorising An Garda Síochána to conduct a search of the places or persons identified in the application, or an order requiring persons (including webmail service providers) to produce the requested materials. The police may then execute the warrant, or, in the case of an order, serve it upon the appropriate recipient.

7. Webmail service providers in Ireland must comply with any warrant or order issued by a district court judge. To obstruct the Garda Síochána's execution of such process is a criminal offense that carries punishment of six months' imprisonment or a €2500 fine.

8. The 2008 Act procedures are a highly effective means of realizing the MLA treaties' objectives. Ireland rarely refuses requests for information made under the treaties, as noted above, and the current MLAT procedures for fulfilling these requests are efficient and well-functioning.

9. In the present case, I understand that U.S. law enforcement seeks email content stored on Microsoft's servers in Dublin, Ireland. The aforementioned treaties and procedures were designed to apply under precisely these circumstances. The U.S. government should therefore obtain the evidence it seeks through the MLA treaties.

10. Ireland's Data Protection Acts, 1998 to 2003, highlight its sovereign interest in guarding against the exercise of foreign law enforcement activities within its borders by any means other than the applicable MLA treaties. As a sovereign state and member state of the European Union, Ireland's data protection law, in accordance with EU Directives and the Council of Europe Convention on Data Protection, requires Ireland to protect the rights of data subjects in relation to data located in the jurisdiction of Ireland. Absent certain particular exceptions, disclosure to a third party of such data (*i.e.*, data that is stored and processed in Ireland) is only lawful pursuant to orders made by the Irish courts. And in such cases, any disclosure to a third party on the grounds of "legal obligation" or that it is "necessary for the administration of justice" is only lawful where such disclosure is required or mandated by reference to Irish law and subject to the jurisdiction and control of the Irish courts.

\* \* \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 5 June 2014.

Signed: *[signature]*

Michael McDowell

4