# EXHIBIT 1



European Commission

**Viviane REDING**
Vice-President of the European Commission
Justice, Fundamental Rights and Citizenship

Rue de la Loi, 200
B-1049 Brussels
T. +32 2 298 16 00

Brussels, 24 June 2014

Dear Ms in 't Veld,

Thank you for your letter of 13 May concerning the Court of Justice ruling in the Google Spain case.

In its ruling the Court said, in relation to the territoriality of EU rules, that even if the physical server of a company processing data is located outside Europe, EU rules apply to search engine operators if they have a branch or a subsidiary in a Member State.

The Commission has welcomed the Court of Justice's decision. In the global world of digital services, the fundamental rights of EU citizens would be nothing more than empty shells if EU data protection rules were not to apply to non-EU companies. That is why the proposed data protection Regulation, for the first time, leaves no legal doubt that no matter where the physical server of a company processing data is located, non-EU companies, when offering services to EU consumers, must comply with EU data protection law ( this is made explicit in Article 3 of the proposed data protection Regulation).

I am grateful for your support and that of fellow Members for this principle in the Parliament's report on the Commission's proposal. Furthermore, I am pleased that Ministers have reached agreement on this principle at their meeting in Luxembourg on 5-6 June 2014, namely that EU rules should apply to all companies, even those not established in the EU (territorial scope), whenever they handle personal data of individuals in the EU. Ministers have also confirmed a partial general approach on the rules governing transfers of personal data outside the EU, which will ensure that individual rights are protected and that transfers will only be allowed where the conditions of the Regulation for a transfer to third countries are met. This may, inter alia, be the case where the disclosure is necessary for an important ground of public interest recognised in Union law or in a Member State law to which the controller is subject.

Ms Sophie in 't Veld
Member of the European Parliament

*In your letter you also refer to the Microsoft case, which concerns a request by the United States government to personal data processed by US companies outside the US, e.g. in the EU. The effect of the US District Court order is that it bypasses existing formal procedures that are agreed between the EU and the US, such as the Mutual Legal Assistance Agreement, that manage foreign government requests for access to information and ensure certain safeguards in terms of data protection. The Commission's concern is that the extraterritorial application of foreign laws (and orders to companies based thereon) may be in breach of international law and may impede the attainment of the protection of individuals guaranteed in the Union. In addition, companies bound by EU data protection law who receive such a court order are caught in the middle of such situations where there is, as you say in your letter, a conflict of laws.*

*The Commission has raised this issue with the US government on a number of occasions. The Commission remains of the view that where governments need to request personal data held by private companies and located in the EU, requests should not be directly addressed to the companies but should proceed via agreed formal channels of co-operation between public authorities, such as the mutual legal assistance agreements or sectorial EU-US agreements authorising such transfers. In the context of the negotiations on the umbrella agreement on data protection in the area of law enforcement and judicial cooperation, the Commission has asked the US to undertake commitments in that regard, in order to avoid these potential conflicts of laws. In parallel, the EU institutions should continue working towards the swift adoption of the EU data protection reform, in order to ensure that personal data is effectively and comprehensively protected.*

