

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 12, 2014

**BY ECF AND HAND DELIVERY**

The Honorable Loretta A. Preska
Chief United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    **In re Search Warrant,**
               No. 13 Mag. 2814, M9-150

Dear Chief Judge Preska:

    The Government respectfully submits this letter to request that the Court lift the stay in execution of its July 31, 2014 order upholding the warrant in this matter. On August 1, 2014, the Court granted Microsoft's application for a stay, which was unopposed, so that Microsoft could pursue an expedited appeal to the Second Circuit. After researching the matter further, the Government concluded that, under Second Circuit precedent, the July 31, 2014 decision is not a final, appealable order and that appellate review is unavailable at this stage of the litigation. The Government attempted to address this issue by proposing to Microsoft that the parties seek from the Court a properly appealable final order, but Microsoft did not agree with that approach. Accordingly, the Government respectfully requests that the Court lift the stay of its order.

## PROCEDURAL HISTORY

    On December 4, 2013, Magistrate Judge James C. Francis IV issued a warrant (the "Warrant") directing Microsoft "to disclose" records within its "possession, custody or control" pertaining to a particular email account. Microsoft moved to vacate the Warrant on December 18, 2013. After full briefing and oral argument, Judge Francis denied Microsoft's motion on April 25, 2014, in a detailed written decision, holding among other things that the Warrant was "a hybrid: part search warrant and part subpoena." *In re Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, __ F. Supp. 2d. __, No. 13 Mag. 2814, 2014 WL 1661004, at *5 (S.D.N.Y. Apr. 25, 2014). Judge Francis's decision was stayed on consent so that Microsoft could challenge that ruling in this Court.

    On June 6, 2014, Microsoft filed objections to Judge Francis's ruling. After the matter was fully briefed, the Court heard oral argument on Microsoft's objections. At the conclusion of oral argument on July 31, 2014, this Court rejected Microsoft's objections and adopted Judge Francis's decision in its entirety. Microsoft then requested that enforcement of the Court's order be stayed pending appellate review. The Government consented to the application. On August 1,

Hon. Loretta A. Preska
August 12, 2014
Page 2 of 3

2014, this Court granted a stay of its order, so that Microsoft could "file its notice of appeal" and "request . . . an expedited appeal" in the Second Circuit.

## APPLICABLE LAW

When deciding whether an order should be stayed pending appeal, a court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested." *Hilton* v. *Braunskill*, 481 U.S. 770, 776 (1987); *accord Arctic Ocean Int'l Ltd.* v. *High Seas Shipping Ltd.*, No. 06 CIV. 1056 (LAP), 2009 WL 5103283, at *1 (S.D.N.Y. Dec. 28, 2009) (Preska, J.). In evaluating a litigant's likelihood of success on appeal, a court must consider whether, as a threshold matter, there is appellate jurisdiction to entertain an appeal from the relevant order. *See In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010), *aff'd sub nom. Chevron Corp.* v. *Berlinger*, 629 F.3d 297 (2d Cir. 2011). Where there is no appellate jurisdiction to review an order, a stay applicant cannot show that it is likely to succeed on the merits.

Title 28, United States Code, Section 1291 grants "[t]he courts of appeals . . . jurisdiction of appeals from all final decisions of the district courts of the United States." Under Second Circuit precedent, "an order denying a motion to quash a grand jury subpoena is not a final decision and is not immediately appealable under § 1291." *United States* v. *Punn*, 737 F.3d 1, 5 (2d Cir. 2013). "This general rule applies whether the subpoena is issued in connection with civil and criminal actions, or grand jury proceedings, and whether the person (or entity) seeking to prevent enforcement of the subpoena is a party to the litigation or a non-party witness." *In re Aircrash at Belle Harbor*, 490 F.3d 99, 104 (2d Cir. 2007) (internal citations omitted).

The Supreme Court has explained that this principle arises from "the necessity for expedition in the administration of the criminal law." *United States* v. *Ryan*, 402 U.S. 530, 533 (1971). That weighty concern "justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal." *Id.*

Where, as here, an entity seeks to obtain appellate review of its challenge to an instrument ordering the production of records, that entity "ordinarily must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under § 1291." *United States* v. *Punn*, 737 F.3d at 5.

## DISCUSSION

At this stage in the litigation there is no final order to appeal to the Second Circuit. As this Court held, the challenged aspect of the Warrant is the functional equivalent of a subpoena, insofar as it compels Microsoft to disclose records to the Government. *In re Warrant*, 2014 WL 1661004, at *5. Under Second Circuit precedent, an entity challenging a subpoena cannot seek appellate review of a district court's decision upholding that subpoena unless it first defies the

court's order to produce the subpoenaed records and then is held in contempt. *See Punn*, 737 F.3d at 5. Here, Microsoft has not yet been held in contempt, and accordingly, at present, there is no final order from which Microsoft can take an appeal to the Second Circuit.

Because the Second Circuit lacks jurisdiction to consider an appeal from the July 31 order, a stay of enforcement of that order so that Microsoft can pursue a defective appeal would simply further delay the ultimate resolution of this matter. In an effort to work through this jurisdictional defect in Microsoft's planned appeal and to avoid any further unnecessary delay in the production of records to which the Government is entitled, the Government raised the possibility of jointly seeking from the Court a final appealable contempt order, but Microsoft has elected not to join in that request.[1]

There is a legitimate law enforcement need for the records sought by the Warrant, and as the Supreme Court recognized in *Ryan*, any unnecessary delay in obtaining those records serves no valid purpose. While the Government does not object in principle to a stay that would allow expedited appellate review of this Court's ruling, this litigation is not yet at a posture that would allow such review to take place and Microsoft's plan to proceed with a jurisdictionally defective appeal will result in further unnecessary delay. The Government must therefore request that this Court lift the stay and direct Microsoft to comply with the July 31 order. If Microsoft refuses to comply with the order, then the Government respectfully requests that the Court issue a contempt order that would, in turn, be a properly appealable final order, which could be stayed on consent pending appeal.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court lift the stay of its July 31 order and direct Microsoft to comply with the Warrant.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
JUSTIN ANDERSON
SERRIN TURNER
Assistant United States Attorneys
(212) 637-1035 / -1946

cc: Counsel for Microsoft (by ECF)

---

[1] We understand that Microsoft's view is that the order is currently appealable and that no finding of contempt is required for appeal purposes. Microsoft has also stated that it wishes to be heard on the matter and intends to file its response to this letter on or before August 19, 2014.