```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 90
DATE FILED: 8-29-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

IN THE MATTER OF A WARRANT TO          :      M9-150/ 13-MJ-2814
SEARCH A CERTAIN E-MAIL ACCOUNT        :
CONTROLLED AND MAINTAINED BY           :      MEMORANDUM AND ORDER
MICROSOFT CORPORATION                  :

-----------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Before the Court is the Government's motion [dkt. no. 82] to lift the stay in execution of the Court's July 31, 2014 order (the "July 31 Order") affirming the April 25, 2014 decision of Magistrate Judge James C. Francis IV. For the reasons set forth below, that motion is GRANTED.

## I.    BACKGROUND

On December 4, 2013, Judge Francis issued a warrant (the "Warrant") under the Stored Communications Act directing Microsoft Corporation ("Microsoft") to disclose records within its control pertaining to a specific email account. On December 18, 2013, Microsoft moved to vacate the Warrant to the extent that the Warrant authorized a search and seizure of content stored in a datacenter in Dublin, Ireland. (Mem. in Supp. of Mot. to Vacate, dated Dec. 18, 2013 [dkt. no. 6].) On April 25, 2014, Judge Francis denied that motion. In re Warrant to Search a Certain E-Mail Account Controlled and Maintained by Microsoft Corp., No. 13-MJ-2814, 2014 WL 1661004, at *11 (S.D.N.Y. Apr. 25, 2014). In doing so, Judge Francis ruled that the Warrant "is a hybrid: part search warrant and part subpoena" because

1

"[i]t is obtained like a search warrant" but "executed like a subpoena in that it is served on the [Internet Service Provider] in possession of the information and does not involve government agents entering the premises of the [Internet Service Provider] to search its servers and seize the e-mail account in question." Id. at *5.  Execution of the Warrant was stayed on consent pending review of Judge Francis's decision by a district judge.

    On June 6, 2014, Microsoft brought the matter before this Court by objecting to Judge Francis's ruling.  (Microsoft's Objections to the Magistrate's Order Denying Microsoft's Mot. to Vacate In Part a Search Warrant Seeking Customer Information Located Outside the United States, dated June 6, 2014 [dkt. no. 15].)  On July 31, 2014, the Court heard oral argument on those objections and affirmed Judge Francis's ruling by issuing the July 31 Order on the record.  (July 31, 2014 Hr'g Tr. [dkt. no. 84] at 68-70.)  Microsoft immediately moved to stay execution of the Warrant pending review by the Court of Appeals.  (Id. at 70.)  The Government sought time to consider whether it would consent to such a stay.  (Id.)  The Court granted Microsoft's motion on the record.  (Id.)  By order dated August 1, 2014, based on the Government's consent to stay enforcement of the July 31 Order pending appeal, the Court extended the stay "only for such period as will permit Microsoft to file its notice of appeal, request for a stay and request for an expedited appeal."

2

(Order, dated Aug. 1, 2014 [dkt. no. 79] (the "Stay Order").)
On August 11, 2014, the Court entered a written order confirming
the July 31 Order. (Order, dated Aug. 11, 2014 [dkt. no. 80]
(the "Confirmation Order").) That same day, Microsoft filed a
notice of appeal. (Notice of Appeal, dated Aug. 11, 2014 [dkt.
no. 81].)

On August 12, 2014, the Government brought the instant
motion. (Ltr. from AUSAs Justin Anderson & Serrin Turner to
Hon. Loretta A. Preska (Aug. 12, 2014) [dkt. no. 82] ("Gov't
Ltr.").) There, the Government asserts that jurisdiction over
the instant case still lies in this Court because the July 31
Order "is not a final, appealable order and appellate review is
unavailable at this stage of the litigation." (Id. at 1.) The
Government thus proposes that the Court direct Microsoft to
comply with the July 31 Order. (Id. at 3.) If Microsoft
refuses to comply, the Court could find Microsoft in contempt,
which would be a final order subject to appellate review.[1] (Id.)
Microsoft opposes, arguing that the July 31 Order "is
appealable" and, in any event, that the Government's
jurisdictional concerns are "better addressed to the [Court of
Appeals], which has jurisdiction over this case" due to, inter

---

[1] The Government appears to be willing to stay enforcement of a
contempt finding pending appellate review. (See Gov't Ltr. at
3.)

3

alia, Microsoft's having filed a notice of appeal.  (See Ltr.
from James M. Garland to Hon. Loretta A. Preska (Aug. 19, 2014)
[dkt. no. 87] ("Microsoft Ltr.") at 1-2.)  Both parties share
the common goal of permitting the Court of Appeals to hear this
case as soon as possible.  Their disagreement concerns the
correct path to that goal.  In order words, the parties agree on
the destination but the route to get there is the subject of hot
dispute.

## II.  DISCUSSION

### A.   District Court Jurisdiction

As a threshold matter, Microsoft argues that the filing of
its notice of appeal divested this Court of jurisdiction over
the instant case.  (See Microsoft Ltr. at 1-2.)  The Court
disagrees.

Generally, "[t]he filing of a notice of appeal is an event
of jurisdictional significance—it confers jurisdiction on the
court of appeals and divests the district court of its control
over those aspects of the case involved in the appeal."  Griggs
v. Provident Consumer Disc. Co., 452 U.S. 56, 58 (1982) (per
curiam).  The Court of Appeals has cautioned, however, that this
"is not a per se rule."  United States v. Rodgers, 101 F.3d 247,
251 (2d Cir. 1996).  Indeed, "[i]t is a judicially crafted rule
rooted in the interest of judicial economy, designed 'to avoid
confusion or waste of time resulting from having the same issues

4

before two courts at the same time.'" Id. (quoting United

States v. Salerno, 868 F.2d 524, 540 (2d Cir. 1989)).  Against

this background, the Court of Appeals in Rodgers resisted "the

superficial attractiveness of a per se rule that filing of a

notice of appeal automatically divests the district court of

jurisdiction as to matters covered by the notice [of appeal]"

because "such a rule is subject to abuse, and [] application of

the divestiture rule must be faithful to the principle of

judicial economy from which it springs."  Id.

Here, Microsoft filed a notice of appeal seeking review of

the July 31 Order.  But the filing of a premature notice of

appeal does not render a district court powerless to preside

over a criminal case before it.  See id. at 251-52 ("We fail to

see any efficiency in allowing a party to halt district court

proceedings arbitrarily by filing a plainly unauthorized notice

of appeal which confers on this court the power to do nothing

but dismiss the appeal.").  Thus, the Court will not end its

analysis at Microsoft's notice of appeal.  It must look further

to determine whether its order is indeed a final, appealable

order.

B.    Standard for Issuing a Stay Pending Appeal

"The four factors to be considered in issuing a stay

pending appeal are well known: '(1) whether the stay applicant

has made a strong showing that he is likely to succeed on the

merits; (2) whether the applicant will be irreparably injured
absent a stay; (3) whether issuance of the stay will
substantially injure the other parties interested in the
proceeding; and (4) where the public interest lies."' In re
World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 169 (2d
Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776
(1987)).  In evaluating litigant's likelihood of success on
appeal, a district court must consider the likelihood that the
Court of Appeals has jurisdiction over the subject case. See,
e.g., United States v. Stein, 452 F. Supp. 2d 281, 285-86
(S.D.N.Y. 2006); In re Application of Chevron Corp., 709 F.
Supp. 2d 283, 300 (S.D.N.Y. 2010).

Accordingly, the instant motion requires the Court to
evaluate whether the Court of Appeals has jurisdiction over the
July 31 Order.

C.   Appellate Review of the July 31 Order

The Government argues that the July 31 Order is not a final
order subject to appeal at this stage in the litigation. (See,
e.g., Gov't Ltr. at 2.)

"Finality as a condition of review is an historic
characteristic of federal appellate procedure." Cobbledick v.
United States, 309 U.S. 323, 325 (1940).  Thus, a party is
ordinarily "entitled to a single appeal, to be deferred until
final judgment has been entered, in which claims of district

6

court error at any stage of the litigation may be ventilated."
Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868
(1994).  Following from this, 28 U.S.C. § 1291 grants the courts
of appeals "jurisdiction of appeals from all final decisions of
the district courts of the United States . . . ."

    In this circuit, an order denying a motion to quash a grand
jury subpoena is not a final decision and is, therefore, not
immediately appealable under 28 U.S.C. § 1291.  See, e.g.,
United States v. Punn, 737 F.3d 1, 5 (2d Cir. 2013).  "This
general rule applies whether the subpoena is issued in
connection with civil and criminal actions, or grand jury
proceedings, and whether the person (or entity) seeking to
prevent enforcement of the subpoena is a party to the litigation
or a non-party witness."  In re Aircrash at Belle Harbor, N.Y.
on Nov. 12, 2001, 490 F.3d 99, 104 (2d Cir. 2007) (internal
citations omitted).  In such instances, "[t]o obtain appellate
review, the subpoenaed person ordinarily must defy the district
court's enforcement order, be held in contempt, and then appeal
the contempt order, which is regarded as final under § 1291."
Id. (internal quotation marks omitted).

    The driving force behind this rule is straightforward, as
the Supreme Court has

        consistently held that the necessity for expedition in
        the administration of the criminal law justifies
        putting one who seeks to resist the production of

                                7

> desired information to a choice between compliance
> with a trial court's order . . . prior to any review
> of that order, and resistance to that order with the
> concomitant possibility of an adjudication of contempt
> if his claims are rejected on appeal.

United States v. Ryan, 402 U.S. 530, 533 (1971).  Indeed, a

contempt finding is required so that the challenge "becomes so

severed from the main proceeding as to permit an appeal."

Cobbledick, 309 U.S. at 328.

Not all forms of compulsory process, however, require a

contempt finding as a prerequisite to appeal.  "A district court

order enforcing a subpoena issued by a government agency in

connection with an administrative investigation may be appealed

immediately without first performing the ritual of obtaining a

contempt order."  United States v. Constr. Prod. Research, Inc.,

73 F.3d 464, 469 (2d Cir. 1996).  That is because such orders

are "self-contained, so far as the judiciary is

concerned . . . ."  Kemp v. Gay, 947 F.2d 1493, 1496 (D.C. Cir.

1991) (quoting Cobbledick, 309 U.S. at 329-30).

Here, the Warrant was issued as part of "an ongoing

criminal investigation of narcotics trafficking."  (Ltr. from

AUSAs Justin Anderson & Serrin Turner to Hon. Loretta A. Preska

(Aug. 20, 2014) [dkt. no. 88].)  The Government, likening the

Warrant to a grand jury subpoena subject to the rule outlined

above, argues that the "challenged aspect of the Warrant is the

functional equivalent of a subpoena . . . ."  (Gov't Ltr. at 2.)

8

Thus, the Government contends, the July 31 Order, which affirmed denial of Microsoft's motion to vacate, is a not final order. (See id.) In response, Microsoft avers that the Warrant should be treated like an administrative subpoena, rendering the July 31 Order subject to immediate appellate review. (Microsoft Ltr. at 3.)

Under the law set forth above, the July 31 Order is not a final order. To view the Warrant as an administrative subpoena, as Microsoft suggests, ignores the rationale behind cases like Ryan as well as critical differences between the instant case and an administrative proceeding. First, because the Warrant is part of an ongoing criminal investigation, it implicates "the necessity for expedition in the administration of the criminal law . . . ." Ryan, 402 U.S. at 533. Second, and similarly, the July 31 Order differs from an order enforcing a subpoena issued by a government agency in connection with an administrative investigation because it is not self-contained from the judiciary's perspective. Indeed, a criminal investigation could well lead to further proceedings before a grand jury, the district court, or both. Accordingly, the July 31 Order is properly analogized to an order denying a motion to quash a grand jury subpoena, which is not a final decision and therefore, not immediately appealable under 28 U.S.C. § 1291.

9

Thus, the Court concludes that Microsoft's appeal is defective at this stage.

D.   Intention That The July 31 Order Be Final

Microsoft argues that because the Court treated the July 31 Order "as resolving all issues before it, that order is final for purposes of appeal." (Microsoft Ltr. at 2.)

As alluded to above, "[w]hen a judgment has been so set forth and docketed, the question remains whether or not it was final within the meaning of 28 U.S.C. § 1291." Ellender v. Schweiker, 781 F.2d 314, 317 (2d Cir. 1986). "The teaching of the Supreme Court is that the determining factor is 'whether the district court intended the judgment to represent the final decision in the case.'" Id. (quoting Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 n.6 (1978)). The Court of Appeals has instructed "[j]ust as a notice of appeal from a final judgment brings up for review all reviewable rulings which produced the judgment, a dispositive order clearly intended to end a litigation should have a similar effect[.]" SongByrd Inc. v. Estate of Grossman, 206 F.3d 172, 178 (2d Cir. 2000) (internal citations and quotations omitted).

Here, the Court issued the Stay Order based on the Government's consent to stay enforcement of the July 31 Order. (See Stay Order.) Beyond this, Microsoft points to the Confirmation Order and the Clerk of Court's prompt forwarding of

10

the instant case's record to the Court of Appeals to support its assertion that the Court intended the July 31 Order to be the final decision in this case. (Microsoft Ltr. at 2.) Last, the Court notes that it never directed the Clerk of Court to close this case.

The orders and facts marshaled by Microsoft do not show that the Court intended the July 31 Order to be final and appealable. First, while the July 31 Order disposed of the immediate questions of law in this case, it did not, as explained above, dispose of the Court's continued jurisdiction over the Warrant's enforcement. Second, the Stay Order merely confirmed the Government's temporary forbearing of its right to stay enforcement of the order it secured. That is why the Court had to make the instant inquiry in evaluating the Government's application to lift the stay. Next, the Confirmation Order is a formality in that it was used to memorialize the Court's July 31 Order as a readable docket entry.[2] The Clerk of Court's forwarding of the case record is another such administrative step. Finally, the fact the Court has not closed this case cuts against Microsoft's argument. Cf. Vona v. Cnty. of Niagara, 119

---

[2] Even if, assuming arguendo, the Court did this for the sole purpose of allowing Microsoft to docket its notice of appeal, the instant result would not change. Aiding a litigant in completing a filing cannot be equated to an endorsement of the merit of such a filing.

11

F.3d 201, 206 (2d Cir. 1997) (appellate jurisdiction existed because "there was a final judgment in the present case, for purposes of appealability under 28 U.S.C. § 1291, because the case was marked 'closed,' presumably on order of the district court."). Accordingly, these orders and facts do not show that the Court intended the July 31 Order to be final and appealable, which renders Microsoft's arguments on this point unpersuasive.

E.   Declaratory Judgment

Finally, Microsoft asserts that its "challenge to the extraterritorial application of [the Warrant] and this Court's ruling on Microsoft's motion to vacate can properly be viewed as a declaratory judgment action resolving dispositive issues of law[,]" which is subject to immediate appeal under 28 U.S.C. § 2201(a). (Microsoft Ltr. at 4.).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Critical to this case, it continues: "[a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Id.

Other than asserting that its motion to vacate can be characterized as a declaratory judgment, Microsoft offers little more to support its argument here. At bottom, it argues that

12

any court order determining how the law applies to a specific case can be viewed as a declaratory judgment action.   But 28 U.S.C. § 1291 and much case law makes clear that only final orders are appealable.   To accept this argument would be to allow parties to make an end run around the finality requirement stressed by cases like Ryan and Punn.   Accordingly, because the instant case cannot be repackaged into a declaratory judgment action, the July 31 Order is not final and appealable on this basis.[3]

---

[3]   Microsoft also argues that the July 31 Order could be viewed as a declaration pursuant to the Administrative Procedure Act, 5 U.S.C. § 702(2)(C).   (Microsoft Ltr. at 4.)   But it fails to explain how this statute is relevant to the instant case, a criminal proceeding.   Because the Court can find no reason, this argument is also unpersuasive.

### III. CONCLUSION

For the foregoing reasons, the Government's motion [dkt. no. 82] to lift the stay in execution of the Court's July 31, 2014 order is GRANTED.

The parties shall confer and inform the Court by joint letter no later than September 5, 2014 as to how they propose to proceed.


SO ORDERED.

Dated:      New York, New York
            August 29, 2014


                        _Loretta A. Preska_
                        LORETTA A. PRESKA
                        Chief United States District Judge

14